[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Dominic Healy appeals the decision of the defendant department of social services denying him certain Medicaid benefits under Title XIX of the federal Social Security Act. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds in favor of the defendant department.
The facts of the case are not in serious dispute. The plaintiff applied for Medicaid benefits in June 1994. At that time, the plaintiff's assets were less than $1600.00, the Medicaid limit. At all times prior to his application, however, his assets exceeded the $1600.00 limit. The department approved his application and awarded benefits retroactive to March 1, 1994. The CT Page 205 plaintiff contested the award, claiming that the benefit period should have commenced in 1992, when his total accrued medical expenses first exceeded his total assets. After a fair hearing, the hearing officer affirmed the department's ruling.
The fair hearing officer based her decision on various provisions of federal and state statutes and regulations; specifically, 42 U S.C. § 1396a(a)(34), which provides that a state Medicaid plan must provide benefits for services that were "furnished in or after the third month before the month" in which the application was filed; 42 C.F.R. § 435.914 (a), which provides that the state agency "must make eligibility for Medicaid effective no later than the third month before the month of application;" and Uniform Policy Manual § 1560.10 A., which provides that "The beginning date of assistance for Medicaid may be . . . A. the first day of the first, second or third month immediately preceding the month in which the Department receives a signed application . . . ." The hearing officer in her decision, and the department on appeal, interpret these provisions as limiting the commencement of benefits to three full months prior to the month in which the applicant files the application for Medicaid benefits.
The fair hearing officer specifically held that the Supreme Court's decision in Matarazzo v. Rowe, 225 Conn. 314
(1993) did not control her decision in this case.
As the basis of his appeal, the plaintiff contends that he was essentially insolvent long prior to March 1, 1994 and that his physical and mental condition effectively prevented him from applying for Medicaid earlier than he did. He argues that the department should have applied the "asset spend-down" rule of Matarazzo v.Rowe, 225 Conn. 314 (1993) so as to obtain an earlier eligibility date. The court disagrees.
In Matarazzo, the plaintiff applied for benefits in February 1990. After spending down her assets in June 1990, she sought to obtain benefits retroactively to February 1. The Supreme Court held that the asset spend down rule, if applicable in Connecticut, would authorize eligibility for benefits for that retroactive period; CT Page 206 that is, the period commencing on the date of application. But there is nothing in Matarazzo that would require the commencement of benefits without regard to the date when the person applies for them. Indeed, theMatarazzo decision contains a reference to a three month limitation, which would tend to support the department's argument that the asset spend-down rule is not completely open-ended. See Matarazzo, supra, 225 Conn. 317 n. 2.
Some general principles of administrative law require the court to favor the department's interpretation of the applicable statutes and regulations in this case. "Although the construction and interpretation of a statute is a question of law for the courts to decide. . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of EnvironmentalProtection, 226 Conn. 358, 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations."Griffin Hospital v. Commission on Hospitals and HealthCare, 200 Conn. 489, 497 (1986). It is undisputed that the department is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the department. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v.Commissioner, supra 376.
In the present case, the court considers the department's interpretation of the statutes and regulations cited above to be reasonable. The effect of that interpretation is merely to impose on the potential Medicaid beneficiary the responsibility for initiating the process by filing a proper application. The date of application, which is obviously completely controlled by the applicant, thus becomes a natural reference point for the commencement of benefits. There is nothing in that interpretation that is inconsistent with the applicable CT Page 207 statutes, regulations or the Supreme Court's decision inMatarazzo. In accordance with the principles of administrative law summarized above, therefore, the court must accord due deference to that interpretation.
The decision of the department is affirmed; the plaintiff's appeal is dismissed.
MALONEY, J.